mm**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Movant,** ) | |
| v. ) | No. 11 C 3142 / 08 CR 480 |
| ) | |
| **UGUR YILDIZ** ) | Judge Rebecca R. Pallmeyer |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM ORDER

Ugur Yildiz exported hundreds of firearms to Canada without obtaining the necessary license. He pleaded guilty to violating 22 U.S.C. 2278(b)(2), which carries a maximum sentence of twenty years. *See* 22 U.S.C. § 2278(c). The probation office calculated Yildiz's sentence guideline range as 46-57 months, but the government asked the court to impose a sentence well in excess of that range. [Docket No. 30 in 08 CR 480.] Specifically, believing the maximum sentence was just ten years, the government argued for a sentence at that level. In support, the government pointed to the very large number of weapons involved in this offense, and the fact that Yildiz disposed of them in a manner rendering it likely they would be used for street violence (as some indeed were). The government noted, further, that Yildiz had engaged in other uncharged criminal conduct, including a conspiracy to export controlled substances and making false statements in support of his citizenship application. After a lengthy sentencing hearing, this court imposed a sentence of 90 months in custody, followed by three years of supervised release and a $10,000 fine. [Docket No. 48 in 08 CR 480.] Yildiz challenged that sentence on appeal, but the Court of Appeals affirmed. *United States v. Yildiz*, 404 Fed. Appx. 71 (7th Cir. 2010).

Yildiz now sees relief from his sentence pursuant to 28 U.S.C. § 2255. He makes three arguments: (1) that his attorney was ineffective in failing to seek a continuance of the sentencing proceeding; (2) that his attorney was ineffective in failing to object to the court's

consideration of uncharged conduct; and (3) that his sentence violates due process because the court did not give him advance notice of its intention to exceed the advisory guideline range.

The first of these arguments is defeated by the record. After seeing the government's sentencing memorandum, Mr. Yildiz's attorney did seek additional time to respond. [Docket No. 39 in 08 CR 480.] The court granted this request, and continued the sentencing for further submissions as well. [See Docket No. 40, 41, 45.] Counsel called a witness on Mr. Yildiz's behalf and, months later, submitted additional evidence, all of which the court considered. [See Docket No. 42.] If there is some additional evidence that counsel should have presented, Yildiz has not said what it is. There is, thus, no basis for a conclusion that counsel's representation was objectively unreasonable, or that he suffered any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Yildiz's second argument fares no better. The government presented evidence of uncharged conduct in a memorandum filed on July 10, 2009. [Docket No. 30.] Petitioner sought and received additional time to respond, and the court did not sentence Mr. Yildiz until December of that year. Counsel did not object to the lack of notice because there was no basis for any such objection.

Finally, Yildiz argues that any notice the government provided is insufficient to satisfy the requirement of FED. R. CRIM P. 32(h) that the *court* give advance notice of its intention to impose a sentence that exceeds the guidelines. So far as this court is aware, Yildiz did not raise that argument on direct appeal and it may therefore be defaulted. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 165 (1982); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir.1993); *Degaglia v. United States*, 7 F.3d 609, 611–12 (7th Cir.1993). To the extent Mr. Yildiz believes that this failure is another example of ineffective assistance of counsel, again, the court disagrees. As the Court of Appeals' order affirming his sentence demonstrates, Yildiz's lawyer did argue that this court erred by imposing a sentence that, he asserted, was based on uncharged and unrelated conduct. 404 Fed. Appx. at 75. The Seventh Circuit pointed out that the increase in

Yildiz's sentence was largely "attributable to aggravating factors directly related to the conviction offense" and that adjusting the guideline range for the large number of weapons involved here would by itself have increased the range to 97 to 108 months. *Id.* at 76.

The guaranty of effective counsel does not require a defense attorney to make every imaginable argument, and certainly does not require that counsel present arguments that lack merit. Rule 32(h) requires the court to give defendant "reasonable notice" that it is considering a departure "on a ground not identified in a party's submission . . . ." Yildiz makes much of the fact that it was the government, not the court, that gave notice of its intention to seek an above-guideline sentence—but the Rule he cites makes clear that notice from the government satisfies the requirement. The Rule requires notice from the court only of the possibility of a departure on a ground *not* identified by the government or the pretrial report. *See Burns v. United States*, 501 U.S. 129, 138 (1991); *United States v. Jackson*, 32 F.3d 1101, 1106 (7th Cir. 1994). In Yildiz's case, the government filed a thirty-page "Sentencing Memorandum and Motion for Upward Variance." In response, defense counsel asked for and received additional time to respond and to call witnesses. There would have been no basis for that request unless counsel understood that an above-guideline sentence was a possibility. There was no ineffective assistance and certainly no prejudice here.

Finally, the court notes that an argument resting on Rule 32(h) no longer has any teeth. As the Seventh Circuit has observed:

> That rule requires "reasonable notice" when the district court is "contemplating" a departure from the sentencing guidelines. FED. R. CRIM. P. 32(h). But "[t]he old regime of 'departures' is defunct," *United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009), and Rule 32(h) does not apply to an upward variance from the advisory guidelines range, see *Irizarry v. United States*, 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008). Because departures are obsolete, Rule 32(h) no longer has any work to do.

*United States v. Brown*, 732 F.3d 781, 783 (7th Cir. 2013).

## **CONCLUSION**

Mr. Yildiz has not established that he is entitled to post-conviction relief. His petition is dismissed. The court concludes reasonable jurists would not differ on this issue and therefore declines to issue a certificate of appealability.

ENTER:

Dated: February 10, 2014

_____
REBECCA R. PALLMEYER
United States District Judge